UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN TAPIA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 17-0027-RAO<br><br>**MEMORANDUM OF OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Esteban Tapia ("Plaintiff") challenges the Commissioner's denial of his application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. PROCEEDINGS BELOW

On April 30 , 2013, Plaintiff protectively applied for SSI and DIB alleging disability beginning April 30, 2003. (Administrative Record ("AR") 180, 186.) His application was denied initially on August 9 , 2013, and upon reconsideration on January 31, 2014. (AR 117-29.) On February 7, 2014, Plaintiff filed a written request for hearing, and a hearing was held on May 12, 2015. (*Id.* at 54-69, 131.)

Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (*Id.* at 56-69.) On June 4, 2015, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act, since April 15, 2013 . (*Id.* at 23.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (*Id*. 1-6.) Plaintiff filed this action on January 7, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2013 , the application date. (AR 18.) At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus with peripheral neuropathy in the legs and feet; and chronic kidney disease, stage III. (*Id*.) At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 20.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform a range of light work . . . . Specifically, the claimant can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for four hours out of an eight-hour workday; sit for six hours out of an eight hour workday; sit/stand at his own convenience; occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, and crouch. The claimant is precluded from ladders and ropes; concentrated cold or heat; vibration; and hazardous machinery. The claimant would miss work once a month.

(*Id.*)

At step four, based on the Plaintiff's RFC and the VE's testimony, the ALJ found that Plaintiff is not capable of performing past relevant work as a carpenter.

(AR 22.) At step five, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the date the application was filed through the date of the decision. (*Id.* at 23.)

### III. <u>STANDARD OF REVIEW</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins*, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court

may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff's sole contention is that the ALJ failed to properly consider his subjective complaints and erred in finding them not credible. (Joint Stipulation ("JS") 4, Dkt. No. 19.) The Commissioner contends that the ALJ properly evaluated Plaintiff's credibility. (JS 12.) For the reasons below, the Court agrees with Plaintiff.

### A. The ALJ's Credibility Determination Is Not Supported By Substantial Evidence

Plaintiff argues that the ALJ's finding that his subjective complaints are not fully credible is unsupported by clear and convincing evidence. (See JS 4-12.) The Commissioner argues that the ALJ's reasons for finding Plaintiff not fully credible are supported by substantial evidence. (See JS 12-16.)

#### 1. Plaintiff's Testimony

At the administrative hearing, Plaintiff testified that he would soon turn 50 years old. (AR 60.) He has an eleventh-grade education and earned a certificate in carpentry. (*Id.*) He last worked in 2003 as a rough carpenter. (*Id.* at 58.) He suffered a back injury while on the job and settled his workers' compensation claim. (*Id.*) Since filing his application for SSI, he has not looked for work. (*Id.* at 58-59.)

Plaintiff testified that he has pain in his feet due to nerve damage caused by his diabetes. (AR 59.) He takes Levemir, Humalog, and Lantus to treat his diabetes. (*Id.* at 61, 66.) He also has Stage 3 kidney disease and gets very fatigued. (*Id.* at 59, 61.) Plaintiff is not on dialysis. (*Id.* at 61, 67.)

///

Plaintiff testified that during the day, he sleeps, lies down, and walks around. (AR 61.) He also watches TV and reads the Bible. (*Id.* at 65.) When he walks, he feels pain "like [he] ha[s] knots under [his] feet." (*Id.*) Plaintiff has specially made shoes because regular shoes do not fit his feet. (*Id.*) He stands when his feet do not hurt, but "can't sit very long because of [his] pain in [his] thigh." (*Id.* at 61.) Plaintiff also indicated that he gets pain in his side by his kidney "due to sitting down and standing up." (*Id.*)

Plaintiff testified that he lives with family. (AR 61.) His family members cook meals for him and understand that Plaintiff cannot help out around the house. (Id.) Plaintiff's nephew drove him to the hearing; the drive took 50 minutes. (*Id.* at 62.)

Plaintiff testified that he switched treatment doctors after recently moving. (AR 63-64.) He had not yet seen his new kidney doctor because it was not time for his monthly appointment. (*Id.* at 64.) He had already seen his new primary care and diabetes doctor to get authorization for a prescription refill. (*Id.*)

Plaintiff testified that he has "unpredictable" days: a good day may be followed by a "semi-good day"; the next day, Plaintiff may begin the day feeling good but "all of a sudden [he] just fall[s] asleep." (AR 65.) On a good day, he can move around the house, but he "wouldn't say [he] do[es] things." (*Id.* at 66.) When asked if a bad day involved staying in bed all day, Plaintiff responded, "Yeah, you could say that, yeah. Absolutely." (*Id.* at 65-66.)

### 2. Applicable Legal Standards

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*

*v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id.* The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester*, 81 F.3d at 834.

### 3. Discussion

"After careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 21.) The ALJ relied on the following reasons: (1) failure to follow treatment recommendations; (2) inconsistent statements about matters relevant to the issue of disability; and (3) lack of objective medical evidence to support the alleged severity of symptoms. (*Id.* at 21-22.) No malingering allegation was made, and therefore, the ALJ's reasons must be "clear and convincing."

### a. Reason No. 1: Failure to Follow Treatment Recommendations

The ALJ found that "treatment records showed the claimant failed to follow treatment recommendations," noting that Plaintiff's medical records showed that he "did not have diabetes medications." (AR 21.) The ALJ noted that treatment records from February 26, 2013, indicated that Plaintiff did not have diabetes medications and that he went to the emergency room for treatment. (*Id.*) Plaintiff "did not follow up after the emergency room discharge" and thereafter ran out of

6

medications. (*Id.*) The ALJ did not discuss any other instances of noncompliance. Based on this treatment record, the ALJ determined that "[t]his demonstrates a possible unwillingness to do what is necessary to improve his condition. It may also be an indication that his symptoms are not as severe as he purported." (*Id.*) The Court disagrees with this characterization of the record.

According to medical records, Plaintiff's February 26, 2013 visit to the primary care clinic was to follow up after an earlier emergency room visit on December 27, 2012, when Plaintiff did not have diabetes medications. (AR 254.) As noted in the ALJ's decision, the records indicate that Plaintiff did not follow up and ran out of medications after the December 27, 2012 hospital discharge, where he was diagnosed with diabetes, HTN, and diabetic neuropathy. (*Id.*) However, at the February 2013 follow-up visit, Plaintiff reported taking Lantus, Humalog, and Metformin. (*Id.*)

On March 26, 2013, Plaintiff returned to the clinic to follow up on his diabetes and to obtain a refill of heart burn medication. (AR 248.) Treatment records from that visit indicate that Plaintiff was compliant with his treatment recommendations, stating that he was taking blood sugar medication three times a day. (*Id.*)

Although later treatment records from June 3, 2013, state that Plaintiff was "not taking meds as prescribed," Plaintiff also reported nausea after taking Levemir, one of his insulin medications. (AR 291.) A claimant's failure to perfectly comply with treatment in light of a medication's side effect does not automatically undermine his credibility. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) ("Where a claimant provides evidence of a good reason for not taking medication for her symptoms, her symptom testimony cannot be rejected for not doing so." (citing *Bunnell*, 947 F.2d at 346; *Fair*, 885 F.2d at 602)). The June 3, 2013 records also indicated general compliance, stating that Plaintiff "takes blood sugar twice daily." (AR 291.)

7

On another follow-up visit on August 12, 2013, treatment records again indicate compliance, noting that Plaintiff was taking insulin medications. (AR 286.) At that examination, the physician recommended a new diabetes treatment plan. (*Id.*)

Thereafter, records from a January 20, 2015, consultation indicate that Plaintiff had been on insulin for the past two years and "[h]is diabetes ha[d] not been controlled up until 2 yrs ago." (AR 390.) Additional notes on March 20, 2015, show that Dr. Peter Lac "encouraged on going compliance with a diabetic diet and insulin; he is doing well currently with glycemic control." (*Id.* at 397.)

Because the record as a whole, following Plaintiff's application in April 2013, does not establish that Plaintiff failed to follow treatment recommendations, the Court concludes that the ALJ did not properly consider the entirety of the record. *See Costa v. Berryhill*, ___ F. App'x ___, 2017 WL 2927978, at *1 (9th Cir. July 10, 2017) (noting that an ALJ is not permitted to "cherry-pick from mixed results" when reviewing a claimant's response to treatment (citing *Garrison v. Colvin*, 759 F.3d 995, 1017 & n.23 (9th Cir. 2014))).

The Court finds that this reason is not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's credibility.

### b. Reason No. 2: Inconsistent Statements

The ALJ found that the record reflected that Plaintiff "made inconsistent statements regarding matters relevant to the issue of disability." (AR 21.) The ALJ based this conclusion on Plaintiff's testimony, on the one hand, that he "can't sit very long" due to pain (*Id.* at 61), and, on the other hand, Plaintiff's subsequent admission that he sat in the car for 50 minutes on the drive to the administrative hearing and then sat through the 30-minute hearing "without evidence of pain or discomfort." (*Id.* at 21, 62.)

As part of the credibility determination, the ALJ may consider inconsistencies between a claimant's testimony and his conduct. *Thomas v.*

8

*Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997), as amended on reh'g (Sept. 17, 1997). However, a single discrepancy fails to justify "the wholesale dismissal of a claimant's testimony." *Popa v. Berryhill*, ___ F.3d ___, 2017 WL 4160041, at *5 (9th Cir. Aug. 18, 2017) (citing *Robbins*, 466 F.3d at 883-84). Here, the ALJ did not identify any other reason for determining that Plaintiff had made inconsistent statements. Moreover, the purported inconsistency noted by the ALJ is potentially problematic, as a claimant's failure to exhibit pain at a hearing "provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible." *Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984) (citing *Day v. Weinberger*, 522 F.2d 1154, 1156-57 (9th Cir. 1975)).

The Court finds that this reason is not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's credibility.

        **c.**      **Reason No. 3: Lack of Supporting Objective Medical Evidence**

The remaining reason for discounting Plaintiff's subjective testimony—lack of supporting objective evidence—cannot form the sole basis for discounting pain testimony. *See Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's credibility. Accordingly, remand is warranted on this issue.

    **B.**    **Remand For Further Administrative Proceedings**

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015)

9

(remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount the credibility of Plaintiff's subjective testimony. Additionally, the ALJ found that Plaintiff's statements about his symptoms were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 21.) This generic language indicates a failure to properly incorporate testimony about subjective symptoms and pain into the RFC assessment. *See Trevizo v. Berryhill*, ___ F.3d ___, 2017 WL 4053751, at *9 n.6 (9th Cir. Sept. 14, 2017). Because symptom testimony must be taken into account when determining the RFC, "it cannot be discredited because it is inconsistent with that RFC." *Laborin v. Berryhill*, 867 F.3d 1151, 1154 (9th Cir. 2017); *see Garrison*, 759 F.3d at 1011 (citing 20 CFR 416.920(e)).

On remand, the ALJ shall reassess Plaintiff's subjective allegations. The ALJ shall then reassess Plaintiff's RFC, if warranted, and proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.
/ / /
/ / /

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 16, 2017

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**